**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06CV-156-R**

**ULYSSES S.G. DAVIS III**                                                                                    **PLAINTIFF**

**v.**

**PATTI TREAT** *et al.*                                                                                        **DEFENDANTS**

**MEMORANDUM AND ORDER**

Plaintiff Ulysses S.G. Davis III filed this *pro se* action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff's complaint consists of a 153-page handwritten complaint and approximately two inches of exhibits, consisting largely of grievances Plaintiff has filed over the past several years. Plaintiff names 139 Defendants, the majority of which are Kentucky Department of Corrections (KDOC) officials and employees and the remainder of which are President George W. Bush and other members of the Executive Branch, including Vice President Dick Cheney and various current and former Cabinet members and Executive staff; a federal judge in Virginia; FBI agents; Assistant United States Attorneys; and Governor Fletcher, Lt. Governor Pence, various Kentucky Cabinet members, and the Kentucky Attorney General. The complaint is disjointed, difficult to follow, and full of repetitive, broad allegations against "All Defendants."

Federal Rule of Civil Procedure 8(a) provides that:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Similarly, Rule 8(d)(1) specifies that "[e]ach allegation must be simple, concise, and direct." As explained by the Second Circuit:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial . . . The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff's complaint and attachments are diffuse, unorganized, and voluminous, and his complaint references page after page of legal citations and repeatedly muddles allegations/ claims. The Court has great difficulty finding any portion of the complaint that simply, concisely, and directly sets forth Plaintiff's claims. If a complaint is not short and plain, the Court has the power, on motion or *sua sponte*, to strike any portions that are redundant or immaterial, or to dismiss the complaint. *Salahuddin*, 861 F.2d at 42. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* The Court believes that this is one of those instances where dismissal would be warranted. The Court realizes, however, that Plaintiff is proceeding *pro se* and may not be familiar with the technical aspects of drafting a well-organized pleading. Accordingly, the Court will provide Plaintiff with an opportunity to amend his complaint before entirely dismissing this action.

**IT IS THEREFORE ORDERED** that within **30 days from the entry of this Order, Plaintiff shall file an amended complaint with the Court**. The amended complaint will supersede the original complaint. Plaintiff is **WARNED** that his failure to comply with this Order **WILL RESULT IN DISMISSAL OF THIS ACTION** for failure to comply with the requirements of Rule 8.

To assist Plaintiff, the Clerk of Court is **DIRECTED** to provide Plaintiff with the instructions and a form for filing a prisoner civil rights complaint under 42 U.S.C. § 1983. The Clerk of Court is further **DIRECTED** to affix the instant case number and write "Amended Complaint" in the caption of the § 1983 form.

The Court reminds Plaintiff that in drafting his amended complaint he must allege how each Defendant was personally involved in the acts about which he complains. *Rizzo v. Goode*, 423 U.S. 362, 375, (1976). Plaintiff is further reminded that any amended complaint need only describe Plaintiff's claims in simple, direct, and concise terms. Extensive citation and discussion of legal authority is unnecessary and improper in a complaint/amended complaint. **Plaintiff is further reminded that he need not submit his grievances to the Court at this time and is WARNED that the Court will not comb through hundreds of pages of the amended complaint and its exhibits to search out a claim for Plaintiff.**

**In short, in the body of Plaintiff's amended complaint, he must simply and briefly state (1) the rights he claims were violated; (2) the individuals responsible for the violations; and (3) briefly describe the conduct of those individuals, including the date(s) on which the alleged incidents occurred. The amended complaint should be no more than 25 pages in length.**

Date:


cc:     Plaintiff, *pro se*
4413.005