## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:06CV-156-R

**ULYSSES S.G. DAVIS III**                                                              **PLAINTIFF**

**v.**

**PATTI TREAT** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM AND ORDER

By prior Order, the Court directed Plaintiff to amend his complaint within 30 days of entry of the Order (DN 18).  In response, Plaintiff filed a motion for extension of time to file an amended complaint and a motion for appointment of counsel.   The motions are addressed below.

**(1)  Motion for extension**

Upon consideration, **IT IS ORDERED** that the motion for extension (DN 19) is **GRANTED**.  **Plaintiff shall have up to and including February 27, 2009, in which to file his amended complaint.**  As previously advised, the amended complaint will supersede the original complaint.  Plaintiff is again **WARNED** that his failure to comply with this Order **WILL RESULT IN DISMISSAL OF THIS ACTION** for failure to comply with the requirements of Rule 8.

To assist Plaintiff, the **Clerk of Court is DIRECTED** to provide Plaintiff with the instructions and a form for filing a prisoner civil rights complaint under 42 U.S.C. § 1983.  The **Clerk of Court is further DIRECTED** to affix the instant case number and write "Amended Complaint" in the caption of the § 1983 form.

The Court reminds Plaintiff that in drafting his amended complaint he must allege how each Defendant was personally involved in the acts about which he complains. *Rizzo v. Goode*, 423 U.S. 362, 375, (1976).  Plaintiff is further reminded that any amended complaint need only describe Plaintiff's claims in simple, direct, and concise terms.  Extensive citation and discussion of legal authority is unnecessary and improper in a complaint/amended complaint.  **Plaintiff is further reminded that he need not submit his grievances to the Court at this time and is WARNED that the Court will not comb through hundreds of pages of the amended complaint and its exhibits to search out a claim for Plaintiff.**

**In short, in the body of Plaintiff's amended complaint, he must simply and briefly state (1) the rights he claims were violated; (2) the individuals responsible for the violations; and (3) briefly describe the conduct of those individuals, including the date(s) on which the alleged incidents occurred.  The amended complaint should be no more than 25 pages in length.**

### (2)  Motion for appointment of counsel

In a civil case such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion.  *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.  It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir.

---

[1]Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

1965)).  "'It is a privilege that is justified only by exceptional circumstances.'"  *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time.  The Court is permitting him to amend his complaint, has provided guidance above advising him to provide short and plain statements of his claims, and is giving him additional time in which to do so.

**IT IS ORDERED** that the motion for appointment of counsel (DN 19) is **DENIED**.

Date:

cc:      Plaintiff, *pro se*
4413.005

3