**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06CV-156-R**

**ULYSSES S.G. DAVIS III**                                                                                            **PLAINTIFF**

**v.**

**PATTI TREAT** *et al.*                                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Ulysses S.G. Davis III filed this *pro se* action pursuant to 42 U.S.C. § 1983. His complaint consists of a 153-page handwritten complaint and exhibits, which approximate two inches in thickness and consist largely of grievances Plaintiff has filed over the past several years. Plaintiff names 139 Defendants, the majority of which are Kentucky Department of Corrections (KDOC) officials and employees and the remainder of which are former President George W. Bush and other former members of the Executive Branch, including former Vice President Dick Cheney and various former Cabinet members and Executive staff; a federal judge in Virginia; FBI agents; Assistant United States Attorneys; and Governor Fletcher, Lt. Governor Pence, various Kentucky Cabinet members, and the Kentucky Attorney General. The complaint is disjointed, difficult to follow, and full of repetitive, broad allegations against "All Defendants."

Federal Rule of Civil Procedure 8(a) provides that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Similarly, Rule 8(d)(1) specifies that "[e]ach allegation must be simple, concise, and direct."  As explained by the Second Circuit:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial . . . The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

On initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court found that the complaint failed to comply with the requirements of Rule 8.  Specifically, the Court found that Plaintiff's complaint and attachments are diffuse, unorganized, and voluminous, and his complaint references page after page of legal citations and repeatedly muddles allegations/claims.  The Court additionally had great difficulty finding any portion of the complaint that simply, concisely, and directly set forth Plaintiff's claims.

If a complaint is not short and plain, the Court has the power, on motion or *sua sponte*, to strike any portions that are redundant or immaterial, or to dismiss the complaint.  *Salahuddin*, 861 F.2d at 42.  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."  *Id.*

The Court determined that this is one of those instances where dismissal would be warranted.  Before dismissing the action, however, the Court provided the *pro se* Plaintiff with 30 days within which to file an amended complaint (DN 18).  Plaintiff requested an extension of time, which the Court granted by Order entered January 16, 2009 (DN 20).  The Court directed

Plaintiff to file his amended complaint by February 27, 2009, and warned him that his failure to comply would result in dismissal of the action for failure to comply with the requirements of Rule 8.

A review of the record reveals that Plaintiff has failed to file an amended complaint with this Court. Accordingly, the Court will, by separate Order, dismiss the instant complaint for the reasons set forth more fully above for failure to comply with the requirements of Rule 8.

Date:

cc:     Plaintiff, *pro se*
4413.005